Dear Mr. Lawrence:
In La. Atty. Gen. Op. 08-0153, this office responded to an inquiry regarding the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., concerning the legality of an individual holding the elected office of constable while holding employment as a municipal police officer.
Under La.R.S. 42:62(9)[1], a justice of the peace court is defined as a "political subdivision" for purposes of the dual officeholding provisions. A constable is elected "by the qualified electors within the territorial limits of the justice of the peace ward of the court" under La.R.S. 13:2583(B). Thus, a constable holds elected office in the political subdivision of the justice of the peace ward or district court from which he is elected under La.R.S. 13:2583(A)(1).[2] This ward or district is a separate political subdivision from the municipality in which a municipal police officer holds employment. While La.R.S. 42:63(D) prohibits an elected official from holding employment in the same political subdivision of the *Page 2 
state, the statute does not prohibit one from holding an elected office and employment in a separate political subdivision of the state.[3] For this reason, in Opinion 08-0153 we determined that La.R.S. 42:63(D) does not prohibit one from holding full-time employment as a municipal police officer while holding the local elective office of constable. This conclusion remains a correct interpretation of the dual officeholding provisions, and we reaffirm Opinion 08-0153 regarding this determination.
However, on behalf of the Office of the State Examiner, Municipal Fire and Police Civil Service, you request this office to render an opinion recognizing the applicability of statutory and constitutional authority which prohibit members of certain fire and police departments, as civil service employees, from engaging in political activities.
La.Const. Art. 10 § 9(A) states that ". . . no officer or employee in the classified service shall . . . be candidate for nomination or election to public office . . ." Further, La.R.S.33:2564(A)(5)[4] and La.R.S. 33:2504(A)(5)[5] both provide that "no person elected to public office shall, while serving in the elective office, be appointed to or hold any position in the classified service." These statutes apply to fire and police civil service systems in municipalities with different populations, but both prohibit fire and police civil service employees from at the same time holding elected office.
Whether or not a person is a civil service employee is a question of fact, to be determined on a case-by-case basis. This office has in the past released numerous opinions responding to generic questions regarding the dual officeholding laws, in which we cautioned that our conclusions are limited to an examination of those laws, and do not address civil service statutes, rules or regulations which might be applicable. See La. Atty. Gen. Ops. 09-0113, 09-0053,08-0187. *Page 3 
Addressing your request, we advise you that in some jurisdictions, civil service laws would prevent a police officer or firefighter from holding elected office. It is the opinion of this office that a specific civil service law prohibiting a classified fire or police employee from holding elected office controls over an analysis of the dual officeholding provisions which more generally would not prohibit the concurrent holding of offices and/or employments.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: ___________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(9) provides:
 (9) "Political subdivision" means a
parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
[2] La.R.S. 13:2583(A)(1) provides, in part:
 (1) There shall be one constable for the court of each justice of the peace in the several parishes of the state, who shall be of good moral character, be able to read and write the English language, possess a high school diploma or its equivalent as determined by the State Board of Elementary and Secondary Education, and be an elector and resident of the ward or district from which elected. . .
[3] La.R.S. 42:63(D) provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . .
[4] Pursuant to La.R.S. 33:2531, La.R.S. 33:2564(A)(5) applies to fire and police civil service systems in municipalities with populations between 7,000 and 13,000.
[5] Pursuant to La.R.S. 33:2471, La.R.S. 33:2504(A)(5) applies to fire and police civil service systems in municipalities with populations between 13,000 and 250,000.